Newyear v Beth Abraham Nursing Home (2018 NY Slip Op 00533)





Newyear v Beth Abraham Nursing Home


2018 NY Slip Op 00533


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5568N 303495/16

[*1] Cecil R.A. Newyear, Plaintiff-Appellant,
v
Beth Abraham Nursing Home, Defendant-Respondent.


Law Office of Roger M. Newyear, Bronx (Roger M. Newyear of counsel), for appellant.
Vaslas Lepowsky Hauss & Danke LLP, Staten Island (Kenneth M. Dalton of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered January 13, 2017, which denied plaintiff's motion for a default judgment, and granted defendant's cross motion to compel plaintiff to accept its answer, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying plaintiff resident's motion and granting defendant nursing home's cross motion to compel plaintiff to accept its answer (CPLR 3012[d]), which was served eight days late and before plaintiff moved for entry of a default judgment. In support of its cross motion, defendant explained that the brief delay resulted from its attempts to obtain a complete copy of the complaint before answering. This excuse was sufficient under the circumstances (see id.; see also Yea Soon Chung v Mid Queens LP, 139 AD3d 490 [1st Dept 2016]).
Defendant also submitted an affidavit of its vice-president, who asserted that defendant had appropriate procedures in place to prevent plaintiff's fall, which was sufficient at this stage of the proceedings to set forth a potentially meritorious defense (see 139 AD3d at 490).
The shortness of the delay and absence of evidence of willfulness or prejudice to plaintiff, as well as the State's policy of resolving disputes on the merits, warranted denial of the motion and grant of the cross motion (see id.; see also Marine v Montefiore Health Sys., Inc., 129 AD3d 428 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK